[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14519
Non-Argument Calendar

_____

D. C. Docket No. 06-00200-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE RIOS-ALVINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 22, 2007)

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Felipe Rios Alvino ("Rios") appeals his 51-month sentence for re-entering

the United States without permission after being deported, in violation of 8 U.S.C. § 1326(a). On appeal, Rios argues that his sentence is unreasonable because the district court failed to consider properly the factors in 18 U.S.C. § 3553(a). After review, we affirm.

## I. BACKGROUND

Rios, a citizen of Mexico, was discovered in the United States after he was arrested in Georgia on charges of molesting his step-daughter. Rios previously had been deported three times, in 1996, 1997 and 2001. His 1996 deportation followed California convictions for child molestation and possession of cocaine, which qualified as aggravated felonies.

Following his Georgia arrest, a grand jury indicted Rios for being in the United States without consent after having been deported. Rios pled guilty.

The presentence investigation report ("PSI") recommended a total offense level of 21 and a criminal history category of III, resulting in an advisory guidelines range of 46 to 57 months' imprisonment. Rios raised two objections to the PSI's calculation of his advisory guidelines range, neither of which is relevant to this appeal.[1]

---

[1]Rios objected to the inclusion of the California child molestation conviction in his criminal history score and argued that his California child molestation and cocaine possession charges were related and should be counted together. The district court overruled the former, but sustained the latter, objection. On appeal, Rios does not challenge his advisory guidelines calculation.

After determining Rios's advisory guidelines range, the district court asked whether a non-guidelines sentence should be imposed. Rios responded in the negative. Rios requested a sentence of 46 months, at the low end of the advisory guidelines range, arguing that his prior convictions had already been taken into account in calculating his guidelines range. Additionally, Rios noted that he had been working steadily in the United States, owned his own business, and was the provider for his wife and children. During allocution, Rios maintained that he was innocent of the California molestation charge, that his step-daughter's allegations of child molestation were false and that the Georgia investigation had revealed no evidence of molestation. Rios also explained that he had returned to the United States after being deported only because his wife and children depended on him.

The district court sentenced Rios to a 51-month term of imprisonment, in the middle of the advisory guidelines range. The district court stated that, in arriving at this sentence, it had taken into account two aggravating factors, namely, that Rios's prior convictions were not fully accounted for in his criminal history and that, despite three previous deportations, Rios was not deterred from returning to the United States in violation of the law. The district court also stated that the sentence was fair and reasonable, considering the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the

3

defendant and the need for the sentence to reflect the seriousness of the offense and protect the public. This appeal followed.

## II. DISCUSSION

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must correctly calculate the advisory guidelines range and then consider the factors set forth in § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).[2] Booker does not require the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, a district court's statement that it has considered the § 3553(a) factors is sufficient in post-Booker sentences to indicate that it considered all the factors. See id. at 1330.

We review a defendant's ultimate sentence for reasonableness in light of the same § 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). This "[r]eview for reasonableness is deferential. . . . [A]nd when the district court imposes a sentence within the advisory Guidelines range, we

---

[2]Among the factors that a district court should consider at sentencing are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense and provide just punishment, the need for adequate deterrence and protection of the public, the need to provide the defendant with needed training or medical care, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities and the need to provide restitution. 18 U.S.C. § 3553(a)(1)-(7).

4

ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

After review, we conclude that Rios has not shown that his 51-month sentence is unreasonable. The district court indicated that it had considered the correctly calculated advisory guidelines range and the § 3553(a) factors. The district court listened to Rios's arguments in mitigation and for a sentence at the low end of the guidelines range and was not required to address each argument on the record. The district court determined that a 51-month sentence was warranted given Rios's repeated re-entries into the United States and his criminal history. We cannot say that the district court's sentence was unreasonable.

**AFFIRMED.**

5