FILED
United States Court of Appeals
Tenth Circuit

January 22, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL ROSAS-CARAVEO,

    Defendant - Appellant.

No. 08-2131
(D. N.M.)
(D.Ct. No. 2:07-CR-02544-MV-1)

_____

ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

Manuel Rosas-Caraveo pled guilty to illegal reentry of a removed alien and was sentenced to 57 months imprisonment. He appeals arguing the sentence is substantively unreasonable because the district court failed to adequately consider

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his cultural assimilation and gave undue weight to his failure to pay child support. We affirm.

## I. BACKGROUND

On September 17, 2007, United States Border Patrol agents found Rosas-Caraveo in Hidalgo County, New Mexico. Rosas-Caraveo admitted he was a citizen of Mexico and had entered the United States illegally to look for work in Phoenix, Arizona. A background check revealed Rosas-Caraveo had been previously deported from the United States on August 24, 2007, subsequent to a June 2005 federal conviction for possession with intent to distribute more than 100 kilograms but less than 1,000 kilograms of marijuana.

Rosas-Caraveo was charged with reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). He pled guilty without a plea agreement and a presentence report (PSR) was prepared. Applying the 2007 edition of the sentencing guidelines, the probation officer determined Rosas-Caraveo's base offense level was 8. *See* USSG §2L1.2(a). The base offense level was enhanced 16 levels under USSG §2L1.2(b)(1)(A) because Rosas-Caraveo had been previously deported after a felony drug-trafficking conviction. After applying a 3-level downward adjustment for acceptance of responsibility, *see* USSG §3E1.1, the probation officer determined the total offense level was 21. With a Criminal History Category of V, Rosas-Caraveo's advisory guideline range was 70 to 87 months imprisonment.

Although Rosas-Caraveo's criminal history began in 1989 and included three felony offenses for cannabis trafficking, marijuana possession and child abduction, as well as misdemeanor charges for domestic assault and sex solicitation, the probation officer identified over-representation of criminal history as a possible ground for departure under USSG §4A1.3. Specifically, the officer recognized that Rosas-Caraveo received 3 criminal history points for a drug offense (cannabis trafficking) committed almost fifteen years ago and these points placed him in Criminal History Category V. The officer thought Rosas-Caraveo was "more similar" to defendants having a Criminal History Category of IV, which would result in a guideline range of 57 to 71 months. (R. Vol. II at 113-14.)

Rosas-Caraveo filed a sentencing memorandum agreeing with the probation officer that he was entitled to a downward departure under USSG §4A1.3 for over-representation of criminal history. He also sought a downward variance under 18 U.S.C. § 3553(a), emphasizing his assimilation and family ties to the United States. The government did not object to Rosas-Caraveo's request for a §4A1.3 departure and agreed his Criminal History Category should be reduced to IV. It did object, however, to his request for a downward variance, arguing application of the § 3553(a) factors did not warrant a variance of an already reduced advisory guideline range.

The district court agreed with the probation officer that Criminal History

Category V over-represented the seriousness of Rosas-Caraveo's criminal history and Category IV was more appropriate. It granted Rosas-Caraveo a downward departure under USSG §4A1.3, resulting in a guideline range of 57 to 71 months. After examining the § 3553(a) factors, in particular the fact Rosas-Caraveo committed the current offense one month after being deported following the service of a 30-month sentence for a drug-trafficking offense and his serious criminal history which included three previous deportations, large-scale drug trafficking offenses and domestic violence, the court denied Rosas-Caraveo's request for a downward variance. It concluded a sentence at the low end of the guideline range was sufficient but not greater than necessary to comply with the purposes of sentencing and sentenced Rosas-Caraveo to 57 months.

## II. DISCUSSION

We review sentences for reasonableness. *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir.), *cert. denied*, 129 S.Ct. 161 (2008). Reasonableness review has both a procedural and a substantive component. *Id.* Rosas-Caraveo complains only that his sentence is substantively unreasonable. "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir.), *cert. denied*, 129 S.Ct. 428 (2008). "Our review of the substantive reasonableness of a sentence is limited to determining whether the sentencing judge abused his

discretion." *Verdin-Garcia*, 516 F.3d at 898.[1]

No abuse of discretion occurred in this case. In making its decision, the district court gave "serious consideration to each of the factors set forth in [§] 3553(a)." (R. Vol. III at 17.) It noted: Rosas-Caraveo had engaged in a significant amount of criminal activity since he was twenty-years old, including large-scale drug trafficking offenses and domestic violence, and his previous periods of incarceration had not deterred him from committing new crimes. Despite being deported three times, Rosas-Caraveo had "returned to the United States without hesitation." (R. Vol. III at 15.) Indeed, his current illegal reentry occurred less than one month after being deported following the service of a 30-month sentence for possession with intent to distribute between 100 and 1,000 kilograms of marijuana. Based on the fact only a month had lapsed between his deportation and current reentry, "[i]t is clear he had no intention whatsoever of attempting to make a life for himself in Mexico. Moreover, given the multiple times he has re-entered the United States illegally, he poses a high risk for recidivism." (R. Vol. III at 16.) Rosas-Caraveo also had a poor rate of success

---

[1] We apply a rebuttable presumption of reasonableness to a sentence within the correctly calculated guideline range. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). We have yet to decide whether a similar presumption applies to a sentence based on a departure that is proper under the guidelines. *See United States v. Algarate-Valencia*,--F.3d--, No. 08-2022, 2008 WL 5401415, at *5 n.6 (10th Cir. Dec. 30, 2008); *see also United States v. Wilken*, 498 F.3d 1160, 1172 (10th Cir. 2007). Because we conclude Rosas-Caraveo's sentence is substantively reasonable even without application of the presumption, we need not decide the issue.

when placed on community supervision. Despite the district court's cogent analysis of the § 3553(a) factors, Rosas-Caraveo argues the court failed to adequately consider his cultural assimilation and gave undue weight to his failure to pay child support.

Cultural assimilation, while perhaps not a proper basis for a downward departure, can be considered by the court in determining whether to vary from the applicable guideline range under § 3553(a). *See United States v. Galarza-Payan*, 441 F.3d 885, 889 (10th Cir. 2006). However, "[t]hat . . . a ground for a variance is available certainly does not . . . mean it is compelled." *United States v. Sells*, 541 F.3d 1227, 1238 (10th Cir. 2008). "[A] particular defendant's cultural ties must [still] be weighed against [the other § 3353(a)] factors . . . ." *Galarza-Payan*, 441 F.3d at 889. In this case the district court addressed Rosas-Caraveo's cultural assimilation argument, in particular that he had resided most of his life in the United States, the majority of his family lived in the United States and it was difficult for him to find a job in Mexico, and was "sympathetic" to it. (R. Vol. III at 12.) Nevertheless, the court found his cultural assimilation did not warrant a downward variance in light of the other § 3353(a) factors, most notably, the nature and extent of Rosas-Caraveo's criminal history. "The district court has a wide range of discretion in striking a balance among the 18 U.S.C. § 3553(a) factors." *United States v. Gambino-Zavala*, 539 F.3d 1221, 1232 (10th Cir. 2008). Absent an abuse of discretion, we must defer to "the balance struck by a

-6-

district court among the factors set out in § 3553(a)." *Sells*, 541 F.3d at 1239; *see also United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.") (quotations omitted). Rosas-Caraveo's quarrel with the district court about the weight assigned to his cultural assimilation does not inform the inquiry, which is abuse of discretion.[2]

The court also rejected Rosas-Caraveo's cultural assimilation argument

---

[2] Relying on a number of district court cases from other circuits, Rosas-Caraveo states that when weighing a defendant's cultural assimilation argument a sentencing court should consider various factors including, *inter alia*, the length of time the defendant has lived in the United States, whether he came to the United States as an adult or as a child, whether he was educated in the United States, any steps he has taken to establish residency or become a citizen, his familiarity with his country of origin and whether he has any children who reside in the United States. He urges us to adopt these factors for use in this Circuit. We decline to do so.

Rosas-Caraveo also argues the district court erroneously believed his circumstances had to be "extraordinary" in order for him to qualify for a downward variance based upon his cultural assimilation and failed to make an individualized assessment of his circumstances, instead considering him as merely "a drop in the flood of re-entry cases which pass before it." (Appellant's Opening Br. at 11.) We disagree. While the court stated it had a number of cases like Rosas-Caraveo's, where the defendant had lived most of his life in the United States, considered the United States his home and was deported following the commission of a crime, it considered Rosas-Caraveo's unique circumstances in fashioning an appropriate sentence. Moreover, it did not deny a downward variance because it believed his cultural assimilation had to be "extraordinary" but rather because it concluded based on its consideration of the § 3553(a) factors that a downward variance was not warranted.

because it found he had not taken responsibility for his family members who resided in the United States. While Rosas-Caraveo had previously been ordered to pay child support for his three oldest children, he stopped making payments in 2002 after assuming a new name. He had never supported his other teenage daughter or his youngest child nor did he support his parents or siblings, with whom he has had little contact. While acknowledging the court could consider his failure to pay child support in fashioning an appropriate sentence, Rosas-Caraveo claims the court gave this factor undue weight while ignoring his explanation for ceasing to pay child support in 2002. Abuse of discretion is a tough case to make, given the wide latitude afforded the district court, and it has not been made here.

First, the court did not ignore Rosas-Caraveo's explanation for ceasing to pay child support in 2002. At sentencing, Rosas-Caraveo informed the court he stopped paying child support in 2002 because he was deported and no longer had a valid social security number which he could use to obtain work in the United States. The court stated it understood and thanked him for the explanation. Second, as stated previously, a sentencing court has broad discretion in considering the § 3353(a) factors, including the weight assigned to each. The court was free to give Rosas-Caraveo's failure to pay child support, as well his explanation for that failure, as much or as little weight as it might reasonably deem appropriate. Rosas-Caraveo's explanation for failing to pay child support

was less than compelling—he could have obtained work in Mexico. We cannot fault the court for affording it little weight. Moreover, even assuming Rosas-Caraveo had a reasonable explanation for failing to provide support for his three oldest children, it does not excuse his failure to ever provide support for his other two children which the court also found significant in discounting his cultural assimilation claim.

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge