**UNITED STATES COURT OF APPEALS**

**October 6, 2009**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DARRELL E. COOK,

      Defendant-Appellant.

No. 09-3046
(D.C. No. 6:08-CR-10182-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL,** and **O'BRIEN**, Circuit Judges.

Defendant-Appellant Darrell E. Cook appeals his sentencing as procedurally and substantively unreasonable. Cook pled guilty to possession of stolen explosives in violation 18 U.S.C. § 842(h). The presentence investigation report ("PSR") found Cook had a total offense level of 14 and a criminal history category of VI, yielding an advisory Guidelines range of 37 to 46 months. The PSR, however, suggested an upward variance

---

     * After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

might be appropriate given Cook's lengthy criminal history, his minimal employment history, and his low vocational skills. The district court sent a letter to counsel in advance of sentencing explaining its inclination to impose an upward variance. In an initial sentencing hearing, the district court listened to both parties and further explained its intent to impose a sentence of 84 months' imprisonment. However, the district court waited to enter this sentence until it issued a memorandum and order fully explaining its reasoning and had a second hearing to take objections. Cook now appeals his sentencing.

We deferentially review a district court's sentencing decision under an abuse of discretion standard. United States v. Smart, 518 F.3d 800, 802 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component which relates to the length of the resulting sentence." Id. Cook challenges both aspects. First, he claims the sentence was procedurally unreasonably because the district court (a) failed to explain adequately its reasoning and (b) conducted an in camera meeting with the probation officer. Second, Cook claims the sentence of 84 months' imprisonment was a substantively unreasonable upward variance. We reject both of Cook's contentions and affirm the sentence imposed by the district court.

The district court's sentence was procedurally reasonable because the court adequately explained its reasoning. The district court went to great lengths to explain its basis for an upward variance, explaining it in a letter to both parties and at the sentencing hearings. It relied heavily on Cook's lengthy criminal history. The district court also

2

made a concerted effort to receive and consider Cook's objections. The court's explanation enunciated the factors on which it relied; it did not need to specify precisely why it chose seven years over six years or ten years as Cook suggests. See United States v. Jarillo-Luna, 478 F.3d 1226, 1230 (10th Cir. 2007) (finding that the "district court's failure to go further [than articulating its reasoning] and explain why it found [the defendant's] three arguments for leniency unpersuasive was . . . not error").

Cook waived his ability to claim procedural unreasonableness based on the in camera meeting with the probation officer. The district court advised Cook that it planned to meet in camera with the probation officer, and Cook objected. However, on appeal Cook failed to present any authority to support this objection. (See Aplt. Bf. at 5). Thus, this objection is deemed waived. See United States v. Banks, 451 F.3d 721, 728 (10th Cir. 2006) (declining to address a contention for which the litigant provided no supporting legal authority).

The district court's sentence was also substantively reasonable. Cook had twenty-four criminal history points, including prior convictions for misdemeanor theft, felony theft, domestic battery, and indecent solicitation of a child. Cook had used illegal drugs since at least age eighteen and had had regular encounters with the police. The district court found that his criminal history demonstrated an utter lack of respect for the law and evidenced the fact that his previous convictions and sentences had not deterred him from future criminal conduct. Thus, the court found a significant upward variance appropriate. This explanation was adequate and reasonably justified the upward variance. See Smart,

518 F.3d at 807 ("[A]lthough a district court must provide reasoning sufficient to support the chosen variance, it need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance, even one as large as [a] 100% variance[.]").

Accordingly, we AFFIRM.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge