FILED
United States Court of Appeals
Tenth Circuit

February 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADRIAN DIAZ-GUTIERREZ,

Defendant-Appellant.

No. 09-1190
(D.C. No. 1:08-CR-00498-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

Adrian Diaz-Gutierrez, a citizen of Mexico, appeals the substantive reasonableness of a 46-month sentence he received after pleading guilty to illegally reentering the United States after having been convicted of an aggravated felony. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

In 2003, Mr. Diaz-Gutierrez was convicted of criminal attempt to distribute methamphetamine, a felony, and sentenced to 270 days in jail and three years' probation. He was deported to Mexico in 2005 and again in June 2008. In October 2008, he was arrested in Garfield County, Colorado, on a charge of driving while ability impaired (DWAI). He was convicted in state court on that charge and sentenced to one year of probation. He also was charged in federal court with one count of illegal reentry of a deported alien previously convicted of an aggravated felony (his 2003 conviction), in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He agreed to plead guilty, and in exchange, the government agreed to request a 3-level reduction in offense level under the United States Sentencing Guidelines (U.S.S.G. or Guidelines) for acceptance of responsibility and to recommend a sentence at the bottom of the applicable Guidelines range.

A probation officer prepared a presentence investigation report (PSR) that recommended a total offense level of 21, calculated under the Guidelines as follows: a base offense level of 8 pursuant to § 2L1.2(a)[1]; an upward adjustment of 16 levels because of a 1996 conviction for felony possession of cocaine with intent to distribute that qualified as "a drug trafficking offense for which the sentence imposed exceeded 13 months" under § 2L1.2(b)(1)(A)(i); and a 3-level

_____

[1]     All references to the Guidelines are to the 2007 edition used in calculating Mr. Diaz-Gutierrez's sentence.

downward adjustment pursuant to §§ 3E1.1(a) and (b) for acceptance of responsibility. The PSR also calculated a criminal history category of IV. Under the Guidelines, these calculations resulted in an advisory sentencing range of 57-71 months, and the probation officer recommended a sentence of 57 months.

At sentencing, Mr. Diaz-Gutierrez requested a downward departure to criminal history category III under U.S.S.G. § 4A1.3(b)(1). He also sought a variance based on the sentencing factors of 18 U.S.C. § 3553(a), arguing that the 16-level enhancement overstated the seriousness of his 1996 cocaine offense because he was 19 years old at the time and a low-level drug dealer who originally received a 6-month jail sentence and three years' probation. He pointed out that it was only the revocation of his probation in 2004, which resulted in two additional years' imprisonment, that put him over the 13-month threshold and triggered the 16-level enhancement of § 2L1.2(b)(1)(A)(i), a category he maintained was appropriate for large-scale drug dealers and violent felons but not for low-level drug dealers like him.[2] He asked for only a 12-level increase in offense level similar to what a low-level drug trafficker would receive under § 2L1.2(b)(1)(B), which applies to "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." In

---

[2] He also pointed out that he was brought to the United States when he was three years old, and that his U.S.-citizen mother and siblings, his common-law wife, and his three U.S.-citizen children live in California, but he has not pressed these points on appeal.

all, including the 3-level downward departure for acceptance of responsibility, Mr. Diaz-Gutierrez proposed an offense level of 17, a criminal history category of III, and an advisory Guidelines range of 30-37 months, requesting a sentence of 30 months.

The district court granted the downward departure to criminal history category III, which lowered the Guidelines range to 46-57 months. The court denied the downward variance in offense level, concluding that the two years' imprisonment resulting from the revocation of probation on the 1996 cocaine conviction rendered that offense within the § 2L1.2(b)(1)(A)(i) category, warranting a 16-level increase, not a 12-level increase. The court also was concerned that in pleading guilty to the 1996 offense, Mr. Diaz-Gutierrez had admitted that he "willfully and unlawfully possessed a usable quantity of cocaine for sale with a firearm." R., Vol. 3 at 6 (quotation omitted). The court concluded that the presence of a firearm rendered the 1996 "offense more serious than if it were without a weapon," *id.*, Vol. 2 at 27:23-24, and outweighed the mitigating factors Mr. Diaz-Gutierrez had advanced. The court also reasoned that his repeated violations (two drug convictions and one DWAI) indicated a disrespect for the law. For these reasons, the court concluded that a downward variance in offense level was not warranted and found that Mr. Diaz-Gutierrez had a criminal history category of III and a total offense level of 21. The resulting advisory Guidelines range was 46-57 months. The district court sentenced

Mr. Diaz-Gutierrez to 46 months, finding that the sentence was "sufficient but not greater than necessary to accomplish the sentencing objectives" of § 3553(a). *Id.*, Vol. 2 at 43:19-20. He appeals his sentence on the sole ground that the denial of the variance led to a sentence that is substantively unreasonable.

## Discussion

We review the substantive reasonableness of a sentence under an "abuse-of-discretion standard." *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1391 (2009). A district court's sentence is substantively unreasonable "only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotation omitted). In other words,

> in many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices. . . . Nonetheless, we will not hesitate to find abuse where a decision is either based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.

*Id.* at 1053-54 (quotations omitted).

Although the length of a within-Guidelines sentence is entitled to a rebuttable presumption of reasonableness on appeal, *id.* at 1053, and a sentence based on a variance from a Guidelines range is not, *United States v. Wilken*, 498 F.3d 1160, 1172 (10th Cir. 2007), we have not deemed it necessary to decide

whether a presumption of reasonableness applies to a sentence, such as the one here, that results from a properly calculated Guidelines departure, *see, e.g.*, *United States v. Rosas-Caraveo*, 308 F. App'x 267, 269 n.1 (10th Cir. 2009); *Wilken*, 498 F.3d at 1172. After reviewing the record and the parties' briefs, we conclude that it is unnecessary to resolve the issue in this case because even without the benefit of the presumption, we conclude that Mr. Diaz-Gutierrez's sentence is substantively reasonable.

Mr. Diaz-Gutierrez first argues that his sentence was substantively unreasonable because the district court did not adequately consider that (1) the 1996 cocaine conviction responsible for the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) was 12 years old at the time of sentencing and (2) he had no violent criminal history or other qualifying offenses in the intervening years. In support, he relies heavily on *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009). In that case, the Ninth Circuit held that a within-Guidelines sentence of 52 months for illegal reentry of an aggravated felon, which included a 16-level enhancement under § 2L1.2(b)(1)(A)(i) for a 1981 conviction on assault with great bodily injury and attempted voluntary manslaughter charges, was substantively unreasonable "because of the staleness of Amezcua's prior [enhancing] conviction and his subsequent history showing no convictions for harming others or committing other crimes listed in Section 2L1.2." *Amezcua-Vasquez*, 567 F.3d at 1055. The court concluded that because of their

age, the prior convictions were "unrepresentative of Amezcua's characteristics during the past many years." *Id.* at 1056.

*Amezcua-Vasquez* is readily distinguishable on two grounds. First, the enhancing conviction in that case was 25 years old, much older than Mr. Diaz-Gutierrez's 12-year-old enhancing conviction. Moreover, as the district court recognized, Mr. Diaz-Gutierrez was sentenced to additional prison time for that conviction in 2004 as a result of a probation violation, thus lessening any concern that the age of the offense undermines its seriousness. Second, unlike Mr. Amezcua, who did not have any later convictions similar to his enhancing conviction, Mr. Diaz-Gutierrez was later convicted of a similar drug-trafficking felony—his 2003 methamphetamine conviction. Although he received a sentence of less than 13 months' imprisonment for that offense, it suggests a pattern of drug-trafficking offenses that the district court could find fairly representative of Mr. Diaz-Gutierrez's characteristics since his 1996 conviction, further supporting the district court's estimation that the 1996 offense was a serious one. Accordingly, we find *Amezcua-Vasquez* unpersuasive on the facts of this case.

Mr. Gutierrez also argues that his 1996 cocaine offense is less serious than others that trigger the 16-level enhancement of § 2L1.2(b)(1)(A)(i), such as crimes of violence and those involving firearms, child pornography, national security or terrorism, or human trafficking. He contends that § 2L1.2(b)(1)(A)(i) fails to take into account the age of his prior enhancing conviction or its low-level

nature, and therefore the resulting sentencing range substantially overstates the nature and circumstances of the offense as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, which are factors a court is to consider under 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A). He argues that the district court abused its discretion in giving more weight to his admission that he possessed a firearm in connection with his 1996 offense than it gave to the age of that conviction and the lack of any subsequent violent history, particularly where the firearm apparently carried little weight in the original state-court sentence.

We disagree. The district court's refusal to grant a 4-level downward variance in offense level reasonably took into account "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), namely, the fact that Mr. Diaz-Gutierrez's sentence for that offense eventually exceeded 13 months by virtue of a more-recent probation violation, his admission that he had possessed a firearm in connection with that offense, and the fact that he had an additional drug-trafficking felony conviction and a DWAI. The court made clear its view that the repeated convictions evidenced a lack of respect for the law, suggesting that the 46-month sentence was necessary to promote respect for the law and provide just punishment. Moreover, Mr. Diaz-Gutierrez's proposition that the original state court accorded

little weight to his possession of the firearm is speculative and, in any event, unpersuasive as it pertains to the task of the federal sentencing court.

Given the circumstances and the law, we cannot say that the district court's refusal to treat the 1996 cocaine offense like one for which a sentence of less than 13 months was imposed, which would have resulted in a Guidelines enhancement of 12 levels instead of 16 levels, involved a clearly erroneous factual finding, "an erroneous conclusion of law[,] or . . . a clear error of judgment." *McComb*, 519 F.3d at 1054 (quotation omitted). The district court weighed the aggravating factors (firearm possession, probation violation, additional convictions) against the mitigating factors advanced by Mr. Diaz-Gutierrez, and this court does not reweigh such factors provided that the resulting sentence is within the realm of permissible choice. *See id.* at 1053. The district court's sentence was within that realm. Consequently, we will not second-guess the court's judgment of sentence.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-9-