NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0548n.06

No. 10-4532

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 08, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| JORGE VAZQUEZ-GALLARDO, | ) | |
| | ) | **O P I N I O N** |
| *Defendant-Appellant.* | ) | |
| | ) | |
| | ) | |

BEFORE:  WHITE and STRANCH, Circuit Judges; COHN, District Judge.[*]

**AVERN COHN, District Judge.**  This is a criminal case.  Defendant-Appellant Jorge Vazquez-Gallardo ("Vazquez") appeals a 12-month above-Guidelines sentence after pleading guilty to a one-count charge of Illegal Reentry after Removal, under 8 U.S.C. § 1326(a)(1) and (2). Vazquez argues that the district court erred because it did not state a compelling justification for the above-Guidelines sentence on the record and failed to consider certain mitigating factors.  For the reasons set forth below, Vazquez's conviction is affirmed.

## I. BACKGROUND

Vazquez was arrested for operating a motor vehicle while intoxicated and carrying a concealed weapon.  While in a Columbus, Ohio jail following the arrest, an investigation uncovered that Vazquez, a citizen of Mexico, had been previously ordered removed from the United States on

---

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

two occasions: by an immigration judge in Cleveland, Ohio; and by a district court judge in the

Southern District of Texas. At the time of the Columbus, Ohio arrest, he had not applied or received

permission to reenter the United States. Vazquez's criminal history includes a conviction for

attempting to illegally reenter the United States in 2009, and for driving without an operator's license

in 2007.

Vazquez was charged with and entered a guilty plea to one count of Illegal Reentry after

Removal under 8 U.S.C. § 1326(a)(1) and (2). Vazquez filed a sentencing memorandum requesting

a sentence of time served. Vazquez's applicable Sentencing Guidelines range was zero to six

months based upon an offense level 6, criminal history category I.

At Vazquez's sentencing hearing, the Government recommended at least a three-month

sentence for him. The district court judge, however, sentenced Vazquez to 12 months, to be

followed by one year of supervised release. The district court judge described his rationale for the

above-Guidelines sentence, as follows:

> I have [previously] outlined in general terms the factors that the Court is
> called upon to consider in arriving at a sentence, and I would now like to focus on the
> factors that I think are most significant in this case. And they would include the
> seriousness of the offense and deterrence, the need for the sentence to reflect the
> seriousness of the offense and to be sufficiently significant to deter the defendant
> from further criminal activity of this kind. And in that connection, it seems rather
> obvious to the Court that [Vazquez]'s previous treatment by the courts have not been
> sufficiently significant to deter him from illegal entry into the United States.

> And his presence in the United States represents a risk to the citizens of the
> United States, as is demonstrated by his criminal history. He was previously
> deported and removed from the United States on May 1st of 2009, and he was then
> found by the agents of the Immigration and Customs Enforcement Agency in the

Franklin County Jail, where he was being held on charges of operating a motor vehicle while intoxicated and carrying a concealed weapon.

Back in 2007, he had been ordered removed by an Immigration Judge in Cleveland and was physically removed from the United States. He was, again, encountered in the United States in Texas on April 30th of 2009, and on May 1st of that year was convicted in the United States District Court for the Southern District of Texas of attempting to enter the United States illegally and was again ordered removed from the United States.

So, I think this defendant well knew that he would be subject to criminal prosecution and punishment if he should again return to the United States. Nevertheless, he did, and he involved himself in criminal activity, which included the possession of a firearm.

So, the Court believes that the sentence in this case should be sufficient to deter him, and the Court believes that prior leniency has not been sufficient to deter him from entering the United States. And the Court believes that a variation from the guideline sentence in this case is necessary to achieve the purposes of his sentencing.

Under the laws of the United States, the Court could sentence [Vazquez] of up to two years of incarceration. I believe that a sentence of one year would serve the purpose of sentencing in this case, and I doubt that any lesser sentence would. So, I am going to impose a sentence of 12 months incarceration in this case. That sentence will be followed by a one-year period of supervised release.

(District Court Doc. 28, pp. 7-9).

## II. DISCUSSION

### A.

First, Vazquez argues that the district court erred by imposing an above-Guidelines sentence.

Particularly, Vazquez asserts that the district court erred by not stating a compelling justification for

the above-Guidelines sentence on the record. Vazquez further asserts that the three factors relied

on by the district court – his criminal history, two prior deportations, and the need for deterrence – are insufficient to warrant the 12-month sentence.

In support, Vazquez cites to several cases where defendants with similar criminal histories, including illegal reentries, received within-Guidelines sentences that were later upheld as reasonable on appeal. *See United States v. Rosas-Caraveo*, 308 Fed. App'x 267 (10th Cir. 2009) (upholding a 57-month within-Guidelines sentence as reasonable, rejecting appellant's claim that a downward departure was warranted); *United States v. Rios-Alvino*, 221 Fed. App'x 873 (11th Cir. 2007) (upholding a 51-month sentence as reasonable, rejecting appellant's request for a lower within-Guidelines sentence); *United States v. Basulto-Pulido*, 309 Fed. App'x 945 (6th Cir. 2009) (upholding a 70-month sentence as reasonable, denying appellant's argument for a downward variance); *United States v. Brissett*, 375 Fed. App'x 473 (6th Cir. 2010) (upholding a 13-month sentence as reasonable when district court judge considered 3553(a) factors and where appellant had two prior deportations, which according to the district court judge required a significant term of incarceration to promote respect for the law and to afford adequate deterrence to criminal conduct).

In response, the Government asserts that the district court properly calculated the sentence pursuant to the advisory Guidelines, gave all parties the opportunity to present their arguments, considered all relevant sentencing factors under 18 U.S.C. § 3553(a), and articulated in detail on the record its rationale for imposing a sentence outside of the applicable Guidelines range.

Vazquez challenges the substantive reasonableness of his sentence, which is reviewed for an abuse of discretion. *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008); *see also Gall v.*

*United States*, 552 U.S. 38, 51 (2007). The essence of a substantive-reasonableness claim is whether the length of the sentence is "greater than necessary" to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). *Walls*, 546 F.3d at 736. "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id.* (internal quotation marks and alterations omitted).

As it relates to above-Guidelines sentences, the Court must "take into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Although a sentence that falls within the Guidelines range warrants a presumption of reasonableness in this circuit, there is no presumption against a sentence that falls outside of this range." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). "If the sentencing judge elects 'an outside-Guidelines sentence . . . he [or she] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (quoting *Gall*, 552 U.S. at 50). "However, '[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'" *Id.* (quoting *Gall*, 552 U.S. at 51).

Here, the district court articulated on the record its rationale for imposing a sentence outside the applicable Guidelines range. Particularly, the district court considered Vazquez's criminal history, which included an arrest for drunk driving and possession of a concealed weapon, his prior two deportations and illegal reentries, and the need for deterrence to protect the public given his prior

history. Further, the district court gave all parties an opportunity to be heard at the sentencing hearing, and stated that the sentencing factors were among the considerations that led it to reach the imposed sentence.

Moreover, while Vazquez cites several opinions upholding within-Guidelines sentences as reasonable, he fails to cite authority in support of his argument, i.e., where an above-Guidelines sentence was found to be unreasonable. Indeed, the cases relied on by Vazquez seem to more readily support the Government's assertion that Vazquez's sentence should be upheld as reasonable given that each rejected an appellant's argument that their respective sentences were too long.

Thus, the district court did not abuse its discretion in imposing the above-Guidelines sentence.

**B.**

Vazquez further argues that the district court erred by failing to consider certain mitigating factors: he worked legitimately in construction while in the United States; at the time of sentencing he had not yet been convicted of the recent drunk driving offense; and the carrying a concealed weapon charge was dismissed.

Relating to a district court's obligation when it comes to mitigating factors, *Rita v. United States*, 551 U.S. 338 (2007) addresses the issue of what constitutes a sufficient explanation for purposes of applying the 18 U.S.C. § 3553(a) factors in sentencing a defendant. A sentencing court should "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* at 356. "The

appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Id.* "Sometimes a judicial opinion responds to every argument; sometimes it does not . . . . The law leaves much, in this respect, to the judge's own professional judgment." *Id.* What is required is a record that demonstrates that the sentencing court "adequately considered the relevant § 3553(a) factors" in imposing a sentence. *United States v. Liou*, 491 F.3d 334, 339 (6th Cir. 2007).

Here, in his sentencing memorandum, Vazquez submitted § 3553 mitigating factors for the district court's consideration, including the factors he currently argues were not considered: the history and characteristics of the defendant, under § 3553(a)(1), which encompasses his work history; and the nature and circumstance of the offense, under § 3553(a)(1), which encompasses the status of his criminal offenses. (District Court Doc. 21, p. 2). Particularly, the sentencing memorandum describes that Vazquez "migrated to the United States illegally at the age of 18 to seek work and contribute financially to the family." (*Id.* at 4). It goes on to describe that Vazquez "found work in the United States in construction" and that "[i]n the course of working several years in construction [Vazquez] helped his father purchase a small piece of land in Mexico." (*Id.*). Relating to the driving while intoxicated and concealed weapon offenses, the sentencing memorandum states that the "Carrying a Concealed Weapon charge was dismissed and the [driving while intoxicated] charges remain pending with a court date of December 16, 2010." (*Id.* at 3).

During the sentencing hearing, the district court stated that he had reviewed the sentencing memorandum. (District Court Doc. 28, pp. 4-5). Relating to the specific factors set forth in the sentencing memorandum, which he considered in arriving at a sentence, the district court stated:

> [I]n arriving at a sentence, the Court is called upon to consider the – in addition to the guidelines – the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense and to promote respect for the law; and to provide just punishment; and to afford adequate deterrence and to protect the public from more crimes by the defendant, as well as to provide the defendant with any educational or vocational training or medical care or correctional treatment in the most effective manner.

> Now, with those and any other factors, which may be unique to this case, the Court would be pleased to have the comments of counsel regarding the appropriate sentence, and I would note that I have received a Sentencing Memorandum from defense counsel, which is helpful.

(*Id.* at 5).

Based on the above, we find that the district court adequately considered Vazquez's straightforward arguments regarding his work history and the circumstances of his criminal history when arriving at the above-Guidelines sentence.

## C.

Finally, Vazquez asserts that the district court erred by not considering the lack of a fast-track program in the Southern District of Ohio. In support, he relies on *United States v. Camacho-Arellano*, 614 F.3d 244 (6th Cir. 2010), in which this circuit remanded a case to the district court for resentencing when the district court failed to consider fast-track factors raised by the appellant. *Id.* at 250.

Here, Vazquez's argument that a fast-track factor should have been considered is raised for the first time on appeal. Likewise, his argument that this Court should find that the district court erred by failing to consider a factor never brought before it lacks merit.

## III.  CONCLUSION

For all of the above reasons, we **AFFIRM** Vazquez's sentence.