**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEXTER DEWAYNE BAKER,

Defendant-Appellant.

No. 12-3329
(D.C. No. 6:12-CR-10076-MLB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Dexter Dewayne Baker appeals from his sentence, raising the sole claim of

substantive unreasonableness. We **affirm** the judgment and sentence of the

district court.

---

[*]        After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

# I

Mr. Baker pleaded guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The Presentence Investigation Report ("PSR") categorized Mr. Baker as a career offender within the meaning of § 4B1.1 of the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G."), and calculated a Guidelines range of 151 to 188 months. After reviewing the PSR, the district court noted in a letter to the parties that it was "contemplating an upward variance from" that range. R., Vol. I, at 27 (Letter, dated Oct. 26, 2012). The district court explained that, although it "always g[a]ve respectful consideration to the sentencing guidelines," it was "unable to understand how a person with a criminal record like defendant's can score only 27 criminal history points." *Id.* Elaborating, the district court emphasized Mr. Baker's numerous past difficulties with the law, and described him as "a drug dealer who possesses weapons, who clearly has never respected the law and who presents a clear danger to the public." *Id.*

Mr. Baker did not object to the PSR, though he did "provide the Court with additional information in regards to" several of the criminal incidents mentioned in the report. *Id.*, Vol. II, at 44 (Addendum to the PSR, filed Oct. 25, 2012). At the sentencing hearing, the government recommended a sentence of 151 months. For his part, defense counsel urged the court to impose 188 months at most. The district court found the PSR accurate and accepted its findings for purposes of

2

computing Mr. Baker's sentence. It then sentenced Mr. Baker to 200 months in prison. Explaining the upward variance, the court remarked that it would incorporate into its sentence the reasoning in its October 26 letter to the parties. In its statement of reasons, the court indicated that it was imposing a sentence above the Guidelines range because of the factors enumerated in 18 U.S.C. § 3553(a). This appeal followed.

## II

When a sentence faces a substantive reasonableness attack, we review it for an abuse of discretion. *United States v. Snow*, 663 F.3d 1156, 1160 (10th Cir. 2011), *cert. denied*, --- U.S. ----, 132 S. Ct. 1615 (2012). An abuse of discretion occurs when the district court "renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (quoting *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008)) (internal quotation marks omitted). "[S]ubstantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the 'totality of the circumstances.'" *United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). At bottom, the aim of such review is to determine whether the sentence is unreasonably long, in light of the § 3553(a) factors. *See United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145 (10th Cir. 2011) ("[S]ubstantive reasonableness addresses whether the length of

3

the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." (alteration in original) (quoting *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008)) (internal quotation marks omitted)); *United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008) ("A sentence is substantively reasonable when the length of the sentence 'reflects the gravity of the crime and the § 3553(a) factors as applied to the case.'" (quoting *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007), *abrogated in part on other grounds by Irizarry v. United States*, 553 U.S. 708, 713 n.1 (2008)).

## III

Mr. Baker's only specific argument is that his "status as a career offender (i.e. his record[] of past convictions) was already factored into the career offender guideline sentencing range," and that the district court therefore should not have varied upward on the basis of that same record. Aplt. Opening Br. at 8. He cites two cases to support his position: *United States v. Sindima*, 478 F.3d 467 (2d Cir.), *amended and superseded by* 488 F.3d 81 (2007),[1] and *United States v. Tucker*, 473 F.3d 556 (4th Cir. 2007). Both are readily distinguishable.

Mr. Baker reads *Sindima* and *Tucker* as precluding district courts from varying upward on the basis of factors already accounted for in the sentencing

---

[1] Mr. Baker cites to the vacated version of *Sindima*. We cite to the superseding opinion.

range. However, neither decision found fault with the district court's *consideration* of such a factor, but rather with its failure to *explain* the role the factor played in its ultimate sentence. *See Sindima*, 488 F.3d at 82 ("We conclude that, based on the present record, the district court has not given an *explanation* of its reasons for the length of the above-Guidelines sentence that is sufficient under the circumstances to allow us to conclude with confidence that the sentence is reasonable. . . . Accordingly, we remand for further proceedings." (emphasis added)); *Tucker*, 473 F.3d at 563 ("[T]he district court did not adequately *justify* the extent of the variance imposed." (emphasis added)). Indeed, *Sindima* went out of its way to state that "it may well have been reasonable for the district court to have imposed a non-Guidelines sentence based upon section 3553(a) factors already accounted for in the Guidelines range." 488 F.3d at 87.

We have repeatedly observed that a district court's failure to sufficiently explain a sentence is properly the basis of a procedural (not substantive) reasonableness challenge. *See, e.g.*, *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) ("A sentence is *procedurally* unreasonable if the district court . . . inadequately explains the sentence." (emphasis added)). Yet, Mr. Baker explicitly declines to make a procedural reasonableness argument. *See* Aplt. Opening Br. at 6 ("[T]he defendant raises only the substantive reasonableness of

5

the sentence."). As a consequence, Mr. Baker's citations to *Sindima* and *Tucker*[2] are unavailing.

Mr. Baker presents no authority, from either the Tenth Circuit or elsewhere, suggesting that a district court abuses its discretion when it varies upward in light of previous offenses while sentencing a career criminal. It would be surprising if any such authority existed, as the factors a trial court is *required* to consider under § 3553(a) are often inextricably intertwined with criminal history. For instance, a district court cannot adequately determine "the history and characteristics of the defendant," § 3553(a)(1), without accounting for his previous misdeeds. Nor can it know what will "afford adequate deterrence to criminal conduct," § 3553(a)(2)(B), or how "to protect the public from further crimes of the defendant," § 3553(a)(2)(C), if it does not factor in his *historic* crimes. *Cf. United States v. Lewis*, 625 F.3d 1224, 1233 (10th Cir. 2010) (affirming the substantive reasonableness of a sentence where the district court's § 3553(a) analysis considered the defendant's previous criminal conduct),

---

[2] Mr. Baker's citation to, and summary of, *Sindima* and *Tucker* is taken verbatim (and without attribution) from *United States v. Allen*, 488 F.3d 1244, 1259 (10th Cir. 2007). It bears mention that we were citing *Sindima* and *Tucker* there to reasonably support a very different proposition than the one Mr. Baker advances here: specifically, "that courts of appeals have regarded *extreme* variances on the basis of [recidivism or reform to be] unreasonable." *Allen*, 488 F.3d at 1258 (emphasis added). We certainly did not hold in *Allen* that a sentence is automatically and categorically substantively unreasonable when it varies upward on the basis of facts that are also relevant to career offender status, no matter how small the variance is or how it is justified.

*abrogated on other grounds by Dorsey v. United States*, --- U.S. ----, 132 S. Ct. 2321, 2326 (2012).

If Mr. Baker's position were correct, it would seemingly be *always* unreasonable for a sentencing court to consider § 3553(a) factors—suffused, as they are, with matters implicating a defendant's criminal history—when imposing an upward variance on a defendant designated a career offender under U.S.S.G § 4B1.1. That is not the law. *See United States v. Grimes*, 702 F.3d 460, 471 (8th Cir. 2012) (holding that an upward variance or departure in the sentence imposed on a career offender based on § 3553(a) factors, including criminal history, was substantively and procedurally reasonable), *cert. denied*, --- U.S. ----, 133 S. Ct. 2840 (2013); *United States v. Walker*, 447 F.3d 999, 1008 (7th Cir. 2006) (characterizing as "adequately explained and reasonable" an upward variance in a sentence handed down to a career offender with reference to the § 3553(a) factors). And the foregoing reasoning strongly suggests the inherent infirmities of Mr. Baker's position. In sum, in view of this authority and the reasoning that bolsters it—and because Mr. Baker provides no authority to the contrary—we conclude that he has failed to demonstrate that the district court abused its discretion.

**IV**

For the reasons explicated above, we **affirm** the judgment and sentence of the district court.

Entered for the Court


JEROME A. HOLMES
Circuit Judge