**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CHADD K. JOHNSON,

      Defendant - Appellant.

No. 13-3120
(D. Kansas)
(D.C. No. 6:12-CR-10155-MLB-6)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

---

Mr. Chadd Johnson was convicted of traveling in interstate commerce to promote an unlawful activity and possessing a firearm after a felony conviction. 1 R. 68; *see* 18 U.S.C. §§ 922(g)(1), 1952(a)(3) (2006). With the conviction, the federal sentencing guidelines called for a sentence of 70-87 months. 2 R. 35. The

---

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

district court varied upward, imposing consecutive terms of 87 months and 60 months based on Mr. Johnson's extensive and escalating criminal history, his lack of work history, and his failure to support five "illegitimate children." 1 R. 67; 2 R. 42; 3 R. 16. Mr. Johnson contends that the district court erred by referring to the illegitimacy of the children, failing to adequately explain the sentence, declining to recuse *sua sponte*, and imposing an overly harsh sentence. We affirm.

I.    <u>Reference to Illegitimacy of the Children</u>

The presentence report stated that Mr. Johnson had never married, but owed more than $40,000 in child support for five children. 2 R. 32; *see id.* at 35 (stating that Mr. Johnson reported an arrearage of roughly $40,000 in child support). Mr. Johnson did not object to the presentence report, and the district court considered an upward variance in part because of the failure to support the five children. 1 R. 67. In alerting the parties to the possibility of an upward variance, the court used the phrase "illegitimate children." *Id.* Focusing on the word "illegitimate," Mr. Johnson contends that the district court improperly showed contempt for men who father children out of wedlock.

Mr. Johnson failed to present the district judge with this argument; thus, our review is limited: We can reverse only if the district court committed plain error. *See United States v. Romero*, 491 F.3d 1173, 1177-78 (10th Cir. 2007).

The reference to "illegitimate children" did not constitute plain error, for the judge did not refer to the "illegitimacy" of the children in a vacuum: He made the reference when commenting on Mr. Johnson's failure to pay more than $40,000 in child support. Though the judge referred to the children as "illegitimate," he did not appear to be focusing on whether the parents were married; instead, the judge appeared to be focusing on Mr. Johnson's failure to support his children. In this context, the judge did not commit plain error by identifying the children as "illegitimate."

II.    Explanation of the Sentence

Mr. Johnson challenges not only the reference to "illegitimate children," but also the adequacy of the judge's explanation for the sentence. We reject this challenge.

A sentence is considered "procedurally reasonable" only if the judge adequately explained the sentence. *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). Because Mr. Johnson did not raise this issue in the district court, we again confine our review to the plain-error standard. *See United States v. Cereceres-Zavala*, 499 F.3d 1211, 1216-17 (10th Cir. 2007).

Through a letter to counsel and remarks at the sentencing hearing, the judge explained that he was varying from the guidelines because:

- the presentence report showed a continuous history of criminal behavior from age 14 to age 33,

3

- the adjudications in state court failed to deter Mr. Johnson from committing crimes,

- he was unemployed most of his adult life,

- he did not support his children, as ordered,

- his crimes had become more serious, and

- a guideline sentence would not provide deterrence or protect the public.

1 R. 67; 2 R. 42. Mr. Johnson concedes that the district court could properly vary upward based on his criminal history, poor employment record, and failure to support the five children. Appellant's Br. at 6 (Aug. 1, 2013). With this concession, we cannot regard the judge's explanation as plainly erroneous. *See United States v. Cook*, 348 F. App'x 374, 375-76 (10th Cir. 2009) (stating that the judge adequately explained an upward variance by comments in a presentence letter to the parties and remarks at the sentencing hearing).

III.    The District Judge's Impartiality

Mr. Johnson complains of the judge's failure to recuse *sua sponte*. Because Mr. Johnson did not raise this issue in the district court, we again confine our review to the plain-error standard. *See United States v. Mendoza*, 468 F.3d 1256,

4

1262 (10th Cir. 2006).[1]  Applying this standard, we reject Mr. Johnson's

argument.

In the appeal, Mr. Johnson argues that the judge should have recused

because his explanation of the sentence reflected bias.  *See* 28 U.S.C. § 455(a)

(2006).  This argument is based on:  (1) the judge's reference to the children as

"illegitimate," and (2) the number of different mothers they have.  Viewing these

references as evidence of moral condemnation, Mr. Johnson regards the trial judge

as biased.

But the judge had no duty to recuse based on the possibility that the remarks

could create the perception of bias.  As discussed above, a reasonable observer

could view the judge's comments as critical of Mr. Johnson's failure to support his

children, rather than as criticism for his having children outside of marriage.

Thus, the judge did not commit plain error by declining to recuse *sua sponte*.  *See*

*United States v. Nickl*, 427 F.3d 1286, 1299 (10th Cir. 2005) (holding that the

district judge did not commit plain error by declining to recuse even though his

---

[1]  In similar cases, where the appellant has failed to timely seek recusal in district court, we have sometimes treated the issue as waived and declined any review.  *United States v. Stenzel*, 49 F.3d 658, 661 (10th Cir. 1995); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1239 (10th Cir. 2000).  For the sake of argument, we assume that Mr. Johnson did not waive the issue; thus, we will entertain his argument and apply the plain-error standard.  *See United States v. Lang*, 364 F.3d 1210, 1216 (10th Cir. 2004) (declining to resolve the intra-circuit conflict and holding that an appellate argument involving the district judge's failure to recuse *sua sponte* would fail even under the plain-error standard), *vacated on other grounds*, *Lang v. United States*, 543 U.S. 1108 (2005) (mem.).

remarks about the defendant's homosexuality were "arguably insensitive or inappropriate").

IV.    Harshness of the Sentence

Mr. Johnson also challenges the length of the sentence, which totaled 147 months. This challenge is rejected.

We review the length of the sentence only for an abuse of discretion. *See United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010). In determining whether the court acted within its discretion, we examine the extent of the variance from the guidelines and the strength of the justification. *See Gall v. United States*, 552 U.S. 38, 50 (2007).

The guidelines called for a sentence up to 87 months, and the judge imposed prison terms totaling 147 months. But the length of the sentence fell within the district judge's discretion. As noted above, the judge relied on the failure to provide financial support for his children, the criminal history, and the lack of steady employment. 1 R. 67; 2 R. at 42. These considerations were appropriate, as Mr. Johnson admits. Appellant's Br. at 6 (Aug. 1, 2013); *see United States v. Rosas-Caraveo*, 308 F. App'x 267, 270-71 (10th Cir. 2009) (failure to pay child support is a valid sentencing consideration under 18 U.S.C. § 3553); *United States v. Baker*, No. 12-3329, __ F. App'x __, 2013 WL 5651279, at *3 (10th Cir. Oct. 17, 2013) (no abuse of discretion when the district court varies upward in light of the criminal history); *United States v. Cook*, 348 F. App'x 374, 375 (10th Cir.

2009) (same); *United States v. Green*, 691 F.3d 960, 966 (10th Cir. 2012) (sporadic work history supported an upward variance). Thus, the trial judge had the discretion to exceed the sentencing range as he did.

V.      Summary

We conclude that the trial court:

- did not commit plain error by referring to Mr. Johnson's children as "illegitimate," failing to adequately explain the sentence, or declining to recuse *sua sponte*, and

- did not abuse its discretion by imposing an overly severe sentence.

Accordingly, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

7